VAUGHAN *et al.*, Assignees of NANCARROW, *v.* BLANCHARD *et al.* (*a*)

*Nonsuit.—Landlord and tenant.*

The court will not direct a nonsuit, for want of proof, by the plaintiffs, of a material fact, where they have offered some evidence of it.[1]

If a landlord interrupt the tenant's enjoyment of the demised premises, the rent is suspended, unless it be shown that such an interruption was in pursuance of a reserved privilege.[2]

DEBT, for rent. The facts were these : Nancarrow advertised to let the room and front cellar of a house, which he rented from Pemberton ; and the defendants agreed to take them at 130*l.* per annum, commencing the 27th of July 1784, and continuing until the end of Nancarrow's term in the house. A lease in writing was drawn, but never executed, though the defendants entered into possession of the premises, made some repairs, and paid a part of the rent. Soon, however, after the defendants had taken possession of the room and cellar, it was again advertised to be let, with directions to apply to them for particulars; and, accordingly, they let the premises to one Dixon ; Dixon again let them to Fox, the agent of a merchant of the name of Leuffer ; and Leuffer deposited a considerable quantity of merchandise in the cellar. Nancarrow now claimed a right to pass through the front cellar, into the back cellar ; Leuffer objected to it ; but, upon Nancarrow's persevering, he took another house, at the end of Dixon's time (six or nine months), to which he removed his goods. Leuffer's agent offered to pay his rent to Nancarrow, but Nancarrow refused to accept it, unless the receipt was taken, as from Blanchard. Under these circumstances, the present action was brought, to recover a half year's rent, on a demise (as stated in the declaration) to hold from the 27th of July 1784, until the expiration of Nancarrow's term in the premises, with an averment that Nancarrow had a lease from Pemberton. Blanchard then instituted an action against Fox, to whom the premises were underlet, for Leuffer ; but declaring that he would only prosecute his claim, if he was compelled to pay the plaintiffs in the present suit.

*125]     *I. *Sergeant* and *Ingersoll*, for the defendants, moved to nonsuit the plaintiffs, because there was no proof of a lease from Pemberton to Nancarrow, as the declaration averred. The only ground of recovery in this action, is, either that the defendants actually occupied the premises ; or that the plaintiffs, in pursuance of the bargain, had vested them with a right of occupancy. Now, the lease of the defendants was made dependent upon the lease of Pemberton : and *non constat* that such a lease existed, as it has not been produced, nor any regular account of it. (Doug. 642–3.) But—

BY THE COURT.—Whether it is necessary, or not, in this action, to prove

---

(*a*) s. c. 1 Yeates 175.

[1] Stout *v.* Russel, 2 Yeates 334; Morse *v.* Bogert, 4 Den. 108 ; Labas *v.* Copton, 4 N. Y. 547 ; Colt *v.* Sixth Avenue Railroad Co., 49 Id. 671.     [2] Garrett *v.* Cummins, 2 Phila. 207 ; Doran *v.* Chase, 2 W. N. C. 609.

the existence of a lease from Pemberton, there is no ground for a nonsuit. The plaintiffs have offered some evidence to show that Nancarrow possessed a term in the house ; and of the operation and effect of that evidence, however it applies to the issue, the jury must judge and decide.

II. In the charge to the jury, it was stated by The Court, that the cause depends upon a single fact, whether Nancarrow had a right of passage through the front, into the back cellar ? The affirmative, it was incumbent on the plaintiffs to prove ; but they had not proved it, either by written or parol evidence. Then, the law declares, that such an interruption in the enjoyment of the premises demised, will suspend the rent.

Verdict for the defendants.